**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ANGELA J. PIERSANTI, on behalf of herself and all other plaintiffs known and unknown,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**AON RISK SERVICES OF MARYLAND, INC.,**<br><br>　　　　　Defendant. | No.  08-cv-1952<br><br>Judge Charles P. Kocoras<br><br>Magistrate Judge Susan E. Cox |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

NOW COMES Aon Risk Services of Maryland, Inc. (hereinafter "ARS of Maryland" or "Defendant"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### I. NATURE OF ACTION

1.　This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et. seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et. seq*.

**ANSWER:**　Defendant acknowledges that Plaintiff seeks various relief and damages under the above statutes.  Defendant denies that it violated any of the statutes referenced in Paragraph 1.

## II. JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et. seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. § 1367.  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

**ANSWER:**  Defendant acknowledges that Plaintiff invokes this Court's jurisdiction under the statutes referenced in Paragraph 2, and admits that this Court is the proper venue for this dispute.  Defendant denies each and every remaining allegation in Paragraph 2 of Plaintiff's Complaint.

## III. PARTIES

3.      Defendant, AON RISK SERVICES, INC., (hereinafter "Defendants") are engaged in the business of providing insurance services.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees, and therefore were and are "employers" as defined under both the federal and state statutes relied upon herein.

**ANSWER:**  Defendant admits that it is engaged in the business of providing insurance-related services.  The remaining allegations in Paragraph 3 state legal conclusions, to which no response is required.  To the extent that the remainder of Paragraph 3 does not state legal conclusions, Defendant admits that it was Plaintiff's employer, and denies the remaining allegations of Paragraph 3.

4.      Plaintiff, ANGELA J. PIERSANTI, (hereinafter "named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are past salaried employees of Defendant.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

**ANSWER:**  The allegations in Paragraph 4 state legal conclusions, to which no response is required.  To the extent that Paragraph 4 does not allege a legal conclusion, Defendant denies that this action is appropriately maintained as a collective or class action or that there are others similarly situated to Plaintiff, and denies each and every remaining

allegation in Paragraph 4.

## IV.  CLASS ALLEGATIONS

**Fair Labor Standards Act**

5.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq.*, and §251 *et. seq.*  Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.  Plaintiff seeks to send Notice to all similarly situated salaried employees who have been denied proper over time compensation, as required by 29 U.S.C. Section 216(b) and supporting case law.

**ANSWER:**     Paragraph 5 alleges legal conclusions, to which no response is required. To the extent that Paragraph 5 does not allege legal conclusions, Defendant denies that this action is appropriately maintained as an opt-in representative action or any other type of collective action or that there are others similarly situated to Plaintiff, and further denies each and every remaining allegation contained in Paragraph 5.

**Illinois Minimum Wage Law**

6.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et. seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER:**     Defendant acknowledges that Plaintiff asserts this action under the Illinois Minimum Wage Law and seeks to recover allegedly unpaid backs wages for three years prior to the filing of this action.  Defendant denies each and every remaining allegation of this Paragraph.

**Illinois Wage Payment and Collection Act**

7.     Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et. seq.*, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action.  The class represented by Plaintiff consists of all persons who have been or will be employed by Defendant working as salaried employees on or after the date five (5) years prior to the filing of this act.

**ANSWER:**     Defendant acknowledges that Plaintiff asserts this action under the Illinois

Wage Payment and Collection Act, and seeks to recover alleged unpaid back wages for five years prior to the filing of this action. Defendant denies the remaining allegations of Paragraph 7.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. The named Plaintiff and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendant, said employment being integral and indispensable to Defendant's business. Plaintiff and members of the Plaintiff class were designated as Client Specialists.

**ANSWER:** Defendant admits that Plaintiff was employed as a Client Specialist. Defendant denies each and every remaining allegation contained in Paragraph 8.

9. Defendant employed the Plaintiff, on a "salaried" basis when, in fact, the job duties of Plaintiff did not and do not qualify under any of the exemptions established by the FLSA. As such, Plaintiff, and members of the Plaintiff class, was required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half her regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

**ANSWER:** Paragraph 9 contains legal conclusions to which no response is required. To the extent that Paragraph 9 does not allege legal conclusions, Defendant admits that the Plaintiff was paid a salary for work performed. Defendant denies each and every remaining allegation contained in Paragraph 9.

10. Defendant has both in the past and presently, willfully employed represented Plaintiffs, as well as the named Plaintiff, for hours in excess of 40 in a work week, without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rate pursuant to the requirements of the federal and state statutes herein relied upon and failed and refused to pay named Plaintiff and represented Plaintiffs for all hours worked.

**ANSWER:** Paragraph 10 contains legal conclusions to which no response is required. To the extent that Paragraph 10 does not allege legal conclusions, Defendant denies each and every allegation contained therein.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 10 of this Count I.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 10, inclusive, as though set forth herein.

11. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.*, named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in. any week during the two (2) years preceding the filing of this action.

**ANSWER:** Paragraph 11 contains legal conclusions to which no response is required. To the extent that Paragraph 11 does not state legal conclusions, Defendant denies each and every allegation contained in Paragraph 11.

12. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including named Plaintiffs herein, at the rate of one and one-half times their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the FLSA.

**ANSWER:** Paragraph 12 contains legal conclusions to which no response is required. To the extent that Paragraph 12 does not state legal conclusions, Defendant denies that the FLSA required Plaintiff to be compensated as alleged in this Paragraph. Defendant further denies each and every remaining allegation set forth in Paragraph 12.

WHEREFORE, the named Plaintiff, on behalf of herself, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a.  awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b.  awarding prejudgment interest with respect to the total amount of compensation;

c.  awarding Plaintiffs reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

d.  for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action or that there are others similarly situated to Plaintiff. Defendant further denies the propriety of each and every one of Plaintiff's prayers and requests for relief, and denies each and every allegation therein, including the allegations contained in each subpart.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-10. [*sic*] Paragraphs 1 through 10 [*sic*] of Count I are remade and incorporated as though set forth fully herein as Paragraphs 1 through 10 [*sic*] of Count II.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 10 [*sic*], inclusive, as though set forth herein.

11. [*sic*] Defendant has, both in the past and presently, willfully failed to pay named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal of one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:** Paragraph 11 contains legal conclusions to which no response is required. To the extent that this Paragraph does not state legal conclusions, Defendant denies that the FLSA required Plaintiff to be compensated as alleged in this Paragraph and denies each and every remaining allegation set forth in Paragraph 11.

12. [*sic*] Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 12 [*sic*] of Count II of Plaintiff's Complaint.

13. [*sic*] Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 13 [*sic*] of Count II of Plaintiff's Complaint.

WHEREFORE, the named Plaintiff, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

    a.    awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    b.    awarding prejudgment interest with respect to the amount of unpaid compensation;

    c.    awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

    d.    for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action or that there are others similarly situated to Plaintiff. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including the allegations contained in each subpart.

### COUNT III
### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-10. [*sic*]    Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count III.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 10 [*sic*], inclusive, as though set forth herein.

11. [*sic*]    In denying named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 11 [*sic*] of Count III of Plaintiff's Complaint.

15. [*sic*]    The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 15

[*sic*] of Count III of Plaintiff's Complaint.

WHEREFORE, the named Plaintiff, on behalf of herself and. all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

    a.    awarding liquidated damages equal to the amount of all unpaid compensation;

    b.    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

    c.    for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action or that there are others similarly situated to Plaintiff. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including the allegations contained in each subpart.

## COUNT IV
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-10. [*sic*]    Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count IV.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 10 [*sic*], inclusive, as though set forth herein.

11. [*sic*]    The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

**ANSWER:** Paragraph 11 [*sic*] states legal conclusions, to which no response is required. To the extent that Paragraph 11 [*sic*] does not state legal conclusions, Defendant denies each and every allegation therein.

12. [*sic*]    Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 12 [*sic*] of Count IV of Plaintiff's Complaint.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

a. declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

b. awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

c. this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

d. this Court order Defendant to pay to Plaintiffs reasonable attorney's fees, costs, and litigation expenses, as provided by statute; and

e. this Court award whatever additional relief it deems just and appropriate under the circumstances.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including allegations contained in each subpart.

## COUNT V
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-10. [*sic*]  Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count V.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1 through 11 [*sic*] as though set forth herein.

11. [*sic*]  The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . ." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."

**ANSWER:** Defendant avers that Paragraph 11 [*sic*] of Count V of Plaintiff's Complaint states legal conclusions to which no response is required.

-9-

12. [*sic*]   As part of the employment agreement between parties herein, Defendant agreed they would pay compensation in compliance with state and federal law.

**ANSWER:**   Defendant admits that it compensated its employees in compliance with applicable state and federal law.  Defendant denies each and every remaining allegation of Paragraph 12.

13. [*sic*]   The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."  Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

**ANSWER:**   Paragraph 13 [*sic*] of Count V of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent that Paragraph 13 does not allege a legal conclusion, Defendant denies the allegations therein.

14. [*sic*]   The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."  Plaintiff herein has been denied payment of her rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

**ANSWER:**   Paragraph 14 [*sic*] of Count V of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent that Paragraph 14 does not allege a legal conclusion, Defendant denies the allegations therein.

15. [*sic*]   Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER**:   Defendant denies each and every allegation contained in Paragraph 15 [*sic*] of Count V of Plaintiff's Complaint.

WHEREFORE, the named Plaintiff requests this Court to enter an Order.

a.   declaring and decreeing Defendant's compensation practices as herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

b.  awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

c.  this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

d.  this Court orders Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute; and

e.  this Court award whatever additional relief it deems just and appropriate under the circumstances.

**ANSWER:** Defendant denies that this action is appropriately maintained as a collective or class action. Defendant further denies the propriety of each and every one of Plaintiff's prayers or requests for relief, and denies each and every allegation therein, including the allegations in each subpart.

Defendant denies each and every allegation set forth in Plaintiff's Complaint that has not been admitted as true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that it fails to state a claim(s) upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they have failed to comply with applicable statute of limitations periods.

### THIRD AFFIRMATIVE DEFENSE

At all material times, Defendant acted in good faith belief it was in compliance with applicable statutes, laws, and regulations concerning payment of wages and any other

compensation owed to Plaintiff. Defendant did not willfully violate the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, or any other law. Plaintiff, therefore, is not entitled to liquidated damages.

## FOURTH AFFIRMATIVE DEFENSE

At all material times, Defendant acted in a good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiff. Defendant did not willfully violate the FLSA or any other law. Plaintiff, therefore, is limited to a two year statute of limitations at most.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Defendant pay Plaintiff in a manner known or believed to violate any applicable statutory requirement, nor did Defendant compensate Plaintiff in willful disregard of any applicable statutory requirements. Defendant's actions were in good faith and made in conformity with, and reliance upon, the Administrator of the Wage and Hour Division of the Department of Labor's administrative regulations, orders, rulings or interpretations, or judicial interpretations of the law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery to the extent that she has already been compensated for hours worked.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, Defendants paid Plaintiff all sums of money to which Plaintiff was entitled as an employee, and her claims fail because Defendant has paid Plaintiff all amounts due and owing.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail as Defendants properly treated and compensated Plaintiff under the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act and the Fair Labors Standard Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are duplicative and, to the extent the damages claims are duplicative, should be disregarded.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations that the complaint is appropriate for certification as a collective action pursuant to 29 U.S.C. § 216(b) are without basis and should be stricken because 1) there are no "similarly situated individuals;" and 2) consideration of the exempt status of Plaintiff and other "Client Specialists" requires an individual fact-specific inquiry into the day-to-day duties of each individual, making such certification inappropriate.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy the prerequisites for the maintenance of a class action, as set forth in Federal Rules of Civil Procedure 23, and maintenance of a Rule 23 class action would violate absent class members' substantive rights under the FLSA; therefore, this action may not be maintained as a class action and Plaintiff cannot sue as a representative party of the class.

### THIRTEENTH AFFIRMATIVE DEFENSE

There being no proper class representative, the entire complaint for class action relief

must be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, in accordance with the doctrine of accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent any activities were not principal activities under the Portal-to-Portal Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent any activities are preliminary or postliminary activities as determined under the Portal-to-Portal Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in accordance with the equitable doctrines of waiver, estoppel, laches and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring suit.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred because in her position, she, and the class she purports to represent, was exempt from the overtime and minimum wage requirements of the FLSA and the Illinois Minimum Wage Law.

At the time this Answer is filed, discovery has not yet started. Thus, Defendant reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery.

        Respectfully submitted,

        AON RISK SERVICES OF MARYLAND, INC.

        By:    <u>s/Jody A. Boquist</u>
                  One of Its Attorneys

Jody A. Boquist (#06209561)
John A. Ybarra (#06196983)
Amanda H. Wright (#06276200)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
312.372.5520

Dated: June 9, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

John W. Billhorn
Billhorn Law Firm
jbillhorn@billhornlaw.com

                                        s/Jody A. Boquist
                                        Attorney for Defendant