FILED
JUNE 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Re: 08-cv-01952
N.D. Illinois

FILED
JUN 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Aon Wage and Hour Litigation   )
                                       )   MDL- _____
                                       )
                                       )

### DEFENDANTS' REVISED MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407

Defendants Aon Risk Services of Maryland, Inc., as the named Defendant in Case No. 1:08-cv-01952, pending before the United States District Court for the Northern District of Illinois (the "Illinois action"), and Aon Corporation, and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York, as the named Defendants in Case No. 1:08-cv-4510, pending before the United States District Court for the Southern District of New York (the "New York action"),[1] respectfully move this Panel, pursuant to 28 U.S.C. § 1407: (1) to transfer the New York action, as well as any other cases that may subsequently be filed asserting similar or related claims, to the Northern District of Illinois; and (2) consolidate those

---

[1]   A schedule of the pending related actions is attached hereto as Exhibit 1. The named Defendants in both cases will be referenced herein collectively as "Defendants." Any and all Defendants reserve the right to challenge whether they are properly named as Defendants in either action.

actions for coordinated pretrial proceedings. Defendants, in support of their motion for transfer and request for coordinated or consolidated pretrial proceedings, aver as follows:

1. The actions for which transfer and coordination or consolidation are proposed, are alleged to arise out of the same conduct and allege nearly identical claims. Each action is brought on behalf of current and former employees who are or were employed as salaried employees in Defendants' Client Services Units. Both actions allege that Defendants misclassified them as exempt employees under the Fair Labor Standards Act.

2. The centralization of the actions in a single judicial district for coordinated or consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of the parties and witnesses, and will promote the interests of justice. The actions listed in the Schedule of Related Actions (submitted herewith as Exhibit 3 to Defendants' supporting memorandum) are premised on similar factual allegations and therefore may involve one or more common question of fact.

3. Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate what would otherwise be duplicative discovery, and permit the cases to proceed to trial more efficiently.

4. The Northern District of Illinois is a convenient forum for all parties and is best suited to preside over the consolidated or coordinated pretrial proceedings of these actions. The named Plaintiffs in each action both reside within the Northern District of Illinois, as do the key decision makers with regard to the issues in these cases. The Illinois action is already in the discovery phase, as the parties have appeared on the initial discovery status, the named

Defendant has served discovery requests, initial disclosures and a notice of deposition on Plaintiff, and the named Defendant has timely filed its Answer and Affirmative Defenses.

5.  Defendants' Motion is based on the accompanying memorandum of law, the filed pleadings and papers and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

Wherefore, Defendants respectfully request that the Panel order that the actions pending in the Southern District of New York and the Northern District of Illinois, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

*(signature)*
Jody A. Boquist
Littler Mendelson, P.C.
200 North LaSalle, Suite 2900
Phone: (312) 372-5520
Facsimile: (312) 372-7880

Counsel for Defendants: Aon Risk Services of Maryland, Inc., Aon Corporation, and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York

## CERTIFICATE OF SERVICE

I do hereby certify that I caused the above and foregoing Defendants' Revised Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 to be delivered via overnight Federal Express on June 26, 2008 upon the following, for filing on June 27, 2008:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC  2002-8004

Defendants' Revised Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 via First Class Mail on June 26, 2008, upon each of the following:

Clerk, Southern District of New York
Foley Square Courthouse
500 Pearl Street
New York, NY 10007-1312

Clerk, Northern District of Illinois
Eastern Division
Everett McKinley Dirksen United
States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Steven Bennett Blau
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Shelly A. Leonard
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Matthew Armstrong
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
One of the Attorneys for Plaintiff Miller

John W. Billhorn
Billhorn Law Firm
515 N. State Street, Suite 2200
Chicago, IL 60610
Attorney for Plaintiff Piersanti

_Jody A. Boquist_
Jody A. Boquist

4