*AC*

08C 1952
Judge Kocoras

F I L E D

JUN 2 6 2008
6-26-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Aon Wage and Hour Litigation   )
                                      )     MDL- _____
                                        )
                                        )

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407

### I.    INTRODUCTION

On April 4, 2008, Plaintiff Angela J. Piersanti filed an action in the Northern District of Illinois (the "Illinois action") against her former employer, Aon Risk Services of Maryland, Inc. ("ARS of Maryland"),[1] in which she alleges that she was misclassified as an exempt employee in a Client Service Unit ("CSU") located in Glenview, Illinois. She seeks to represent an opt-in class of former Client Services employees pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), specifically § 216(b). (A true and correct copy of the Complaint (hereinafter "Illinois Complaint") and docket sheet is attached hereto as Exhibit 1). On May 15, 2008, Plaintiff Denise Mariette Miller filed a nearly identical action in the Southern District of

---

[1]     The parties in the Illinois action have stipulated that ARS of Maryland is the proper Defendant in that action.

New York (the "New York action") against a former employer, Aon Risk Services of New York, Inc. ("ARS of New York"),[2] in which she also alleges that she was misclassified as an exempt employee in a CSU located in New York and seeks to represent a statewide opt-in class of former Client Services employees pursuant to FLSA § 216(b).  (A true and correct copy of the Complaint (hereinafter "New York Complaint") and docket sheet is attached hereto as Exhibit 2).[3]  Both Piersanti and Miller currently reside in the State of Illinois, and specifically within the jurisdiction of the Northern District of Illinois.  (*See* Illinois Complaint at ¶ 2; *see* New York Complaint at ¶ 3).

To date, the Illinois action has progressed into the discovery phase, as the named Defendant has submitted its Answer and Affirmative Defenses, the parties have held a scheduling conference, attended the initial status before the Court, and the Defendant served written discovery requests, initial disclosures and a notice of deposition on the Plaintiff.  There have been no discovery or pre-trial proceedings in the New York action to date.

The two pending actions have the potential to involve hundreds of plaintiffs, some of whom may "overlap," as the putative class members who worked in New York could be class members in both actions.  There are currently about 280 individuals employed among the three Specialist positions at the Glenview, Illinois CSU.  (*See* Declaration of Nazaro Propati at ¶ 11) (attached hereto as Exhibit 4; hereinafter "Propati Decl.").  Additionally, as detailed below, both the New York and Illinois CSU were subject to decisions and ultimately managed by the same senior management located in Illinois at all relevant times.  (Propati Decl. ¶¶ 1, 4 and 12).  Transfer of these actions for coordinated and consolidated pretrial proceedings will further "the convenience of the parties and witnesses," because the plaintiffs will be deposing many of the

---

[2]      Plaintiff was initially employed by ARS of New York, Inc until early 2006.  At that point she became an employee of ARS of Maryland.  (Propati Decl. ¶¶ 4-5).

[3]      A Schedule reflecting the two pending actions is attached hereto as Exhibit 3.

same witnesses, obtaining many of the same corporate documents, and conducting largely duplicative discovery.

The transfer of these cases "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pre-trial fact development in what are nearly identical collective actions. *See* 28 U.S.C. § 1407. As explained below, because each action arises from a common set of facts, and the purposes of § 1407 would be accomplished by the transfer of these actions, they should be transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

## II. BACKGROUND

Plaintiff Angela Piersanti was formerly employed by Defendant ARS of Maryland in Glenview, Illinois as a Client Services Specialist in the Client Services Unit ("CSU"). (Propati Decl. ¶ 3). Plaintiff Denise Miller was employed as a Senior Specialist in a CSU location in New York at Defendant ARS of New York until early 2006. (Propati Decl. ¶ 4). The New York CSU received ultimate direction from senior management located in Illinois. (Propati Decl. ¶ 4). In early 2006, the New York CSU operations and its employees transferred to ARS of Maryland. (Propati Decl. ¶ 5). Miller accordingly became an employee of ARS of Maryland until her resignation in May 2008. (Propati Decl. ¶¶ 5, 6, 8 and 9).

In May, 2007, the New York CSU operations were consolidated into the Glenview CSU, and ceased to operate. (Propati Decl. ¶ 7). Due to the closure, Miller was offered and accepted a transfer to the Glenview CSU on April 1, 2007, where she continued to work as a Senior Specialist until her resignation in May 2008. (Propati Decl. ¶¶ 6-8).

Ms. Piersanti filed her action in the Northern District of Illinois on April 4, 2008, seeking to represent a class that includes herself and other individuals who were designated as Client

Specialists within the CSU.[4]  She specifically claims that she was employed on a "salaried" basis when the job did not qualify under the exemptions of the FLSA.  As a result, she claims that she and other putative class members worked in excess of forty (40) hours a week, and were not compensated for overtime hours at one and one-half their regular rate of pay.  The Illinois Complaint also makes claims under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act.

Ms. Miller filed her action in the Southern District of New York on May 15, 2008.  She asserts the same claims as Ms. Piersanti under the FLSA on behalf of current and former employees who worked as Senior Specialists, Specialists, and Associates in Defendants' New York office.  She too seeks to represent a class under Rule 23 of the Federal Rules of Civil Procedures, but for alleged violations of New York State wage and hour laws.

Because both Plaintiffs allege that Defendants violated the FLSA by classifying them as exempt employees, and allegedly denying them overtime pay, both matters will involve the same core set of facts, the discovery of which will be primarily based within the purview of the Northern District of Illinois.  For example, the decision-making processes by which Defendants classified all Plaintiffs as exempt took place in Illinois.  (Propati Decl. ¶ 12).  Decision-makers and key documents regarding all Plaintiffs' day-to-day work activities are located within the Northern District of Illinois.  (Propati Decl. ¶¶ 1-2, 4, 13).  Indeed, even both of the named Plaintiffs are located in this district.  (Illinois Complaint ¶ 2; New York Complaint ¶ 3).  Little discovery information or testimony would be elicited from any other location.

---

[4]      In addition to other job classifications, the Client Services Unit employs individuals as Associate Client Specialists ("Associates"), Client Specialists ("Specialists") and Senior Client Specialists ("Senior Specialists").  Senior Specialists typically have the most experience and are paid a higher salary, followed by Specialists and then Associates, who are generally entry-level employees.  (Propati Decl. ¶ 10).

III.   **ARGUMENT**

   A.   **Coordination or Consolidation is Appropriate Under 28 U.S.C. § 1407**

   28 U.S.C. § 1407 provides that the Judicial Panel on Multidistrict Litigation may transfer two or more civil actions, pending in different districts, for coordinated or consolidate pretrial proceedings, when 1) the "actions involve one or more common questions of fact"; (2) "transfers [of] such proceedings will be for the convenience of parties and witnesses"; and (3) transfers "will promote the just and efficient conduct of such actions."

   "The multidistrict litigation statute, 28 U.S.C. § 1407, was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts." *Royster v. Food Lion*, 73 F.3d 528, 531-532 (4th Cir. 1996). Two of the goals of § 1407, are to promote efficiency and consistency. *Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004). The statute "was [also] meant to 'assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation'" and "[w]ithout it, 'conflicting pretrial discovery demands for documents and witnesses' might 'disrupt the functions of the Federal courts.'" *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217,1230 (9th Cir. 2006) (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess. 1 (1968), *reprinted in*, 1968 U.S.C.C.A.N. 1898, 1899). The alternative is "multiplied delay, confusion, conflict, inordinate expense and inefficiency." *Id.* (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L. 1968)).

   The actions described herein assert nearly identical claims and involve nearly identical defenses. Coordinated or consolidated pretrial treatment under § 1407 would assist the parties in avoiding repetition and conflicting decisions concerning the issues in these cases, would serve the convenience of the parties and witnesses and promote the just and efficient resolution of the litigation. One of the key pre-trial issues to be determined in both cases will be whether to grant

- 5 -

certification and allow notice to all current and former Client Specialists in both actions. By coordinating or consolidating these cases, the notice issue can be decided by one court and the risk of inconsistent rulings on the same issues will be prevented. For example, in the event that conditional certification is granted, one court can rule on Defendants' motion to decertify.

**B.     Common Questions of Fact Prevail**

The first element of the § 1407 transfer analysis is the existence of one or more common questions of fact. *See* 28 U.S.C. § 1407. As detailed above, the decision-making processes by which CSU Specialists were classified as exempt occurred in Illinois. (Propati Decl. ¶ 12). Both locations received certain management direction from senior management located in Glenview, Illinois. (Propati Decl. ¶¶ 1, 4 and 13).

Plaintiffs in each of these actions were employed in the Client Services Unit, in one of three classifications of Client Services Specialists. They both claim that Defendants misclassified them as exempt employees and denied them overtime compensation for all hours worked over forty (40) hours per week. (Illinois Complaint ¶¶ 5, 9-12; New York Complaint ¶¶ 1, 18, 23-26). Therefore, these actions are ripe for consolidation, as they "involve similar allegations that certain employees . . . are entitled to compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq. In re C.H. Robinson Worldwide, Inc., Overtime Pay Litig.*, 502 F. Supp. 2d 1347, 1348 (J.P.M.L. 2007). The factual assertions in each of the instant actions are nearly identical, and legal issues to be determined will also be nearly identical, making transfer and coordination or consolidation highly appropriate. *See In re "Factor VIII or IX Concentrate Blood Prods." Prod. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L 1993).

While these cases also include state law claims under both Illinois and New York law, they center on common questions of fact and law under the FLSA. As the Panel recently stated, "transfer under Section 1407 does not require a complete identity of common factual issues as a

prerequisite to transfer. Also, the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core." *Kentucky v. Purdue Pharma, L.P. (In re Oxycontin Antitrust Litig.)*, 542 F. Supp. 2d 1359 (J.P.M.L. 2008).

Defendants have and will deny the allegations against them and assert that Plaintiffs were properly classified as exempt. These actions will require a determination of the appropriateness of collective treatment under 29 U.S.C. § 216(b), and whether potential class members are similarly situated or if individualized treatment is more appropriate in these actions. The allegations and defenses in these cases will require similar fact inquiries into the primary job duties of each of the Client Services Associates, Specialists and Senior Specialists, and a legal determination of whether their job duties qualify under one of the exemptions to the FLSA. These cases will also involve the production of similar records, policies, practices and witnesses, and transferring these cases will avoid much of the duplicative discovery that will arise if these cases are not coordinated or consolidated for pretrial procedures. As a result, these actions satisfy the first element of the § 1407 transfer analysis.

## C.    The Proper Transferee Forum Is The Northern District Of Illinois

### 1.    Coordination Or Consolidation In The Northern District Of Illinois Will Further The Convenience Of Parties And Witnesses

Consolidating these cases will serve "the convenience of the parties and witnesses," thus satisfying the second element of the § 1407 analysis. The Plaintiffs both reside in the Northern District of Illinois, thus it should be convenient for both Plaintiffs to engage in pretrial proceedings in the Northern District of Illinois. The plaintiffs in these actions will likely depose the same set of corporate employees and officers who are believed to have knowledge of Defendants' policies and practices, the individual duties of Associates, Specialists, and Senior Specialists, and the decision making processes by Defendants in determining that their job duties

warrant overtime exemption under the FLSA. Plaintiffs will also presumably rely upon similar corporate documents, e-mails, policies, studies, and analysis, to try and prove their case.

The potential for duplicative and redundant discovery can be avoided in large part by a single judge formulating a pretrial program that will minimize witness inconvenience and overall expense for all parties involved. *See Ford Motor v. Autos (In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.),* 543 F. Supp. 2d 1373 (J.P.M.L. 2008) ("Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litig.,* 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties).

### 2.    The First-Filed Rule Dictates Transfer To The Northern District Of Illinois

When the Panel determines the appropriate transferee court for FLSA cases pursuant to § 1407, it generally chooses the court where the first-filed action is pending. *See Oilily Fair & Accurate Credit Transactions Act (FACTA Litigation),* MDL No. 1939, 2008 U.S. Dist. LEXIS 30439 (J.P.M.L. Apr. 10, 2008) (the Panel transferred the action to where the first-filed of the two actions were pending); *In re Wells Fargo Mortg. Lending Practices Litig.,* M.D.L. No. 1930, 2008 U.S. Dist. LEXIS 30440 (J.P.M.L. Apr. 10, 2008) (Panel transferred cases to the district where the first-filed case was pending and where the Defendant's headquarters is located); *In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litig.,* MDL No. 1907, 536 F. Supp. 2d 1369 (J.P.M.L. Feb. 20, 2008) (the Panel transferred the actions to the district where first filed action was pending and noted that it was a geographically convenient forum).

The "first filed rule" should likewise guide the Panel in determining where the actions at issue should be transferred for coordination or consolidation of pretrial procedures. The Northern District of Illinois is the location of the first filed case and is geographically convenient for this type of litigation. Moreover, the first filed case has commenced and is already in the discovery phase; in contrast, the New York action was served on Defendants on June 5, 2008 and has not proceeded further at this time.

### 3.    Defendants' Principal Place Of Business Is Located Within The Northern District Of Illinois

A party's principal place of business is yet another factor this Panel has considered in selecting the transferee district. *See In re "Factor VIII or IX Concentrate Blood Prods."*, 853 F. Supp. at 455 (transferring forum to district where the party's principal place of business is located). Both Defendant Aon Corporation's and Defendant ARS of Maryland's principal places of business are located within the Northern District of Illinois. (Propati Decl. ¶ 14). Management witnesses and records regarding Specialists work activities are located in Illinois. (Propati Decl. ¶¶ 1, 4, 13). Indeed, the CSU in the Southern District of New York no longer exists, and its functions were transferred to Glenview, Illinois. (Propati Decl. ¶¶ 7, 15).

### 4.    Key Witnesses And Necessary Documents Are Located Within The Northern District Of Illinois

As a result of the location of the CSU in Glenview, Illinois, and the decision-making processes that occurred within Illinois, many of the key documents and witnesses are located within the Northern District of Illinois. (Propati Decl. ¶¶ 1-2, 4, 12-13). This Panel typically considers the location of necessary witnesses and documents when selecting a transferee forum. *See In re Air Crash Disaster Near Coolidge, Arizona on May 6, 1971*, 362 F. Supp. 454, 455 (J.P.M.L. 1993). CSU records regarding work activities, and policies and practices applicable to

CSU Specialists are maintained in Illinois. (Propati Decl. ¶ 13).  In addition, key corporate witnesses are located in Illinois. (*Id.*).

Because Plaintiffs in both actions allege a common plan or practice of misclassifying employees in the CSU, there is sufficient justification for selecting the Northern District of Illinois as the appropriate transferee forum, where this "alleged plan" would presumably have been derived, and where access to relevant sources of proof would be superior to any other forum.  "Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel, and the judiciary.  Section 1407 transfer at this time will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judicial system." *In re Family Dollar Stores, Inc.*, MDL No. 1932, 2008 U.S. Dist. LEXIS 30438 (J.P.M.L. April 8, 2008).

IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel order that the actions pending in the Southern District of New York and the Northern District of Illinois, as well as any cases that may be subsequently filed asserting related or similar claims, be

transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

By: _Jody A. Boquist_

Jody A. Boquist
Littler Mendelson, P.C.
200 North LaSalle, Suite 2900
Phone: (312) 372-5520
Facsimile: (312) 372-7880

Counsel for Defendants: Aon Risk Services of Maryland, Inc., Aon Corporation, and Aon Risk Services of Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York.

## CERTIFICATE OF SERVICE

I do hereby certify that I caused the above and foregoing Defendants Aon Risk Services of Maryland, Inc.; Aon Corporation; and Aon Risk Services Northeast, Inc.'s Memorandum In Support Of Their Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 to be delivered in hand on June 23, 2008, upon the following for filing on June 23, 2008:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 2002-8004


Defendants Aon Risk Services of Maryland, Inc.; Aon Corporation; and Aon Risk Services Northeast, Inc.'s Memorandum In Support Of Their Motion For Transfer Of Actions To The Northern District Of Illinois Pursuant To 28 U.S.C. § 1407 via First Class Mail on June 23, 2008, upon each of the following:

Clerk, Southern District of New York
Foley Square Courthouse
500 Pearl Street
New York, NY 10007-1312

Clerk, Northern District of Illinois
Eastern Division
Everett McKinley Dirksen United
States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Steven Bennett Blau
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Shelly A. Leonard
Blau, Brown & Leonard, LLC
54 West 21st Street, Suite 1009
New York, NY 10010
One of the Attorneys for Plaintiff Miller

Matthew Armstrong
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
One of the Attorneys for Plaintiff Miller

John W. Billhorn
Billhorn Law Firm
515 N. State Street, Suite 2200
Chicago, IL 60610
Attorney for Plaintiff Piersanti


Jody A. Boquist

- 12 -

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANGELA J. PIERSANTI, on behalf of    )
herself and all other plaintiffs known    )
and unknown,    )
               )    No. 08 CV    FILED: APRIL 04, 2008
               )                   08CV1952    JN
      **Plaintiff**    )    Honorable Judge    JUDGE KOCORAS
               )                   MAGISTRATE JUDGE COX
      v.    )    Magistrate Judge
               )
AON RISK SERVICES, INC.    )
               )    *JURY DEMAND*
      **Defendant**    )

### COMPLAINT

NOW COMES Plaintiff, ANEGELA J. PIERSANTI, on behalf of herself and all other Plaintiffs similarly situated, by and through her attorney, JOHN W. BILLHORN, and for her Complaint against Defendant, AON RISK SERVICES, INC., states as follows:

### I.    NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq.*

### II.    JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

### III.  PARTIES

3. Defendant, AON RISK SERVICES, INC., (hereinafter "Defendants") are engaged in the business of providing insurance services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees, and therefore were and are "employers" as defined under both the federal and state statutes relied upon herein.

4. Plaintiff, ANGELA J. PHEASANT, (hereinafter "named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are past salaried employees of Defendant. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

### IV.  CLASS ALLEGATIONS

Fair Labor Standards Act

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 et. seq. and §251 et. seq. Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated salaried employees who have been denied proper over time compensation, as required by 29 USC Section 216(b) and supporting case law.

2

Illinois Minimum Wage Law

6.  Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq,
Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or
after the date three (3) years prior to the filing of this action.

Illinois Wage Payment and Collection Act

7.  Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1
et seq., Count V of this action is brought by Plaintiff to recover unpaid back wages earned
on or after the date five (5) years prior to the filing of this action.  The class represented by
Plaintiff consists of all persons who have been or will be employed by Defendant working as
salaried employees on or after the date five (5) years prior to the filing of this action.

## V.  FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8.  The named Plaintiff and all other represented Plaintiff, known and unknown, at
all times pertinent to the cause of action, were or are employed by Defendant, said
employment being integral and indispensable to Defendant's business.  Plaintiff and
members of the Plaintiff class were designated as Client Specialist's.

9.  Defendant employed the Plaintiff, on a "salaried" basis when, in fact, the job
duties of Plaintiff did not and do not qualify under any of the exemptions established by the
FLSA.  As such, Plaintiff, and members of the Plaintiff class, was required to work in excess
of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of
time and one-half her regular hourly rate, pursuant to the requirements of the federal and
state statutes herein relied upon.

3

10. Defendant has both in the past and presently, willfully employed represented Plaintiff, as well as the named Plaintiff, for hours in excess of 40 in a work week, without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rate pursuant to the requirements of the federal and state statutes herein relied upon and failed and refused to pay named Plaintiff and represented Plaintiff for all hours worked.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 10 of this Count I.

11. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et seq.*, named Plaintiff, and all other Plaintiff similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

12. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiff, on behalf of herself, and all other Plaintiff similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)     awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-10  Paragraphs 1 through 10 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count II.

11. Defendant has, both in the past and presently, willfully failed to pay named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal of one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

12.  Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

13.  Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)     awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES

### UNDER THE FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count III.

11. In denying named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

15. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

8

(b)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-10: Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count IV.

11.     The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

12.     Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c)     this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-10.    Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count V.

11.  The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .".  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

12.  As part of the employment agreement between parties herein, Defendant agreed they would pay compensation in compliance with state and federal law.

13.  The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".  Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

14.    The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein has been denied payment of her rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

15.    Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c)    this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

9

(d)    this Court orders Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 04/04/2008*

s/ John W. Billhorn

John W. Billhorn, attorney for
Plaintiff, and all other Plaintiffs similarly
situated, known or unknown.

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450

10

*BILLHORN*
*LAW*
*FIRM*

## CONSENT TO BE PARTY
## PLAINTIFF

This agreement, entered into on this 21st day of December, 2007, between

ANGELA J. PIERSANTI (Client) and John W. Billhorn, (Attorney), hereby authorizes

and engages the Billhorn Law Firm to pursue back wages and other relief against

AON RISK SERVICES, INC., and by the signature below, ANGELA J. PIERSANTI, hereby

consents to be a party Plaintiff in said law suit.

CLIENT'S SIGNATURE

CM/ECF LIVE, Ver 3.2.1 - U.S. District Court, Northern Illinois                    Page 1 of 3

COX

## United States District Court
### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08-cv-01952

Piersanti v. Aon Risk Services, Inc.
Assigned to: Honorable Charles P. Kocoras
Cause: 29:201 Fair Labor Standards Act

Date Filed: 04/04/2008
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Angela J. Piersanti**
*on behalf of herself and all other
plaintiffs known and unknown*

represented by **John William Billhorn**
Billhorn Law Firm
515 N. State Street
Suite 2200
Chicago, IL 60610
(312) 464-1450
Email: jbillhorn@billhornlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Aon Risk Services, Inc.**

represented by **Jody A. Boquist**
Littler Mendelson, P.C.
200 North LaSalle Street
Suite 2900
Chicago, IL 60601
(312) 372-5520
Email: jboquist@littler.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**John Anthony Ybarra**
Littler Mendelson, P.C.
200 North LaSalle Street
Suite 2900
Chicago, IL 60601
(312) 372-5520
Email: jybarra@littler.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

CM/ECF LIVE, Ver 3.2.1 - U.S. District Court, Northern Illinois                    Page 2 of 3

Amanda Helm Wright
Littler Mendelson, P.C.
200 North LaSalle Street
Suite 2900
Chicago, IL 60601
(312) 372-5520
Email: awright@littler.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/04/2008 | 1 | COMPLAINT filed by Angela J. Piersanti; Jury Demand. Filing fee $ 350. (mjc, ) (Entered: 04/07/2008) |
| 04/04/2008 | 2 | CIVIL Cover Sheet. (mjc, ) (Entered: 04/07/2008) |
| 04/04/2008 | 3 | ATTORNEY Appearance for Plaintiff Angela J. Piersanti by John William Billhorn. (mjc, ) (Entered: 04/07/2008) |
| 04/08/2008 | 5 | MINUTE entry before Judge Honorable Charles P. Kocoras: Status hearing set for 6/5/2008 at 09:30 AM. At the initial hearing, parties to report on the following: 1. Possibility of settlement. 2. If no possibility of settlement exists, the nature and length of discovery necessary to prepare the case for resolution. Plaintiff is directed to advise all other parties of the Court's action herein. Lead counsel for each party is required to attend the initial hearing.Mailed notice (sct, ) (Entered: 04/08/2008) |
| 05/12/2008 | 6 | WAIVER OF SERVICE returned executed by Angela J. Piersanti. Aon Risk Services, Inc. waiver sent on 4/8/2008, answer due 6/9/2008. (Attachments: # 1 Notice of Filing)(Billhorn, John) (Entered: 05/12/2008) |
| 06/05/2008 | 7 | MINUTE entry before the Honorable Charles P. Kocoras:Status hearing held on 6/5/2008. Status hearing set for 7/22/2008 at 9:30 a.m. Mailed notice (sct, ) (Entered: 06/05/2008) |
| 06/09/2008 | 8 | ATTORNEY Appearance for Defendant Aon Risk Services, Inc. by John Anthony Ybarra (Ybarra, John) (Entered: 06/09/2008) |
| 06/09/2008 | 9 | ATTORNEY Appearance for Defendant Aon Risk Services, Inc. by Amanda Helm Wright (Wright, Amanda) (Entered: 06/09/2008) |
| 06/09/2008 | 10 | ATTORNEY Appearance for Defendant Aon Risk Services, Inc. by Jody A. Boquist (Boquist, Jody) (Entered: 06/09/2008) |
| 06/09/2008 | 11 | *Defendant's* ANSWER to Complaint *filed by Plaintiffs'* by Aon Risk Services, Inc.(Boquist, Jody) (Entered: 06/09/2008) |
| 06/09/2008 | 12 | STIPULATION *(JOINT STIPULATION BY THE PARTIES TO SUBSTITUTE DEFENDANT)* (Boquist, Jody) (Entered: 06/09/2008) |

## PACER Service Center

CM/ECF LIVE, Ver 3.2.1 - U.S. District Court, Northern Illinois                    Page 3 of 3

| Transaction Receipt | | | |
|---|---|---|---|
| 06/23/2008 10:39:31 | | | |
| PACER Login: | lm0071 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:08-cv-01952 |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DENISE MARIETTE MILLER,
Individually and on Behalf of All Others
Similarly Situated, as Class
Representative,

     Plaintiff,

 against

AON CORPORATION and AON RISK
SERVICES NORTHEAST, INC., formerly
known as Aon Risk Services, Inc. of New
York,

     Defendants.

**08 CV 4510**

Civil Action No. _____

**JUDGE KAPLAN**

**JURY TRIAL REQUESTED**



RECEIVED
MAY 15 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, DENISE MARIETTE MILLER, Individually and on behalf of all others

similarly situated, as and for her Complaint, alleges of her own knowledge and conduct and upon

information and belief as to all other matters, as follows:

### CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is an individual action, as well as a proposed class action under F.R.C.P. 23(b) (1) and

  23(b) (3), and a proposed collective action under 29 U.S.C. § 216(b), for money damages,

  liquidated damages, costs, injunctive relief and attorneys' fees and other relief as a result of

  Defendants' commonly applied policy and practice of designating Plaintiff and other

  similarly situated employees as exempt from overtime compensation, in violation of federal

  and  state wage and hour laws.

−1−

2. Plaintiff brings this action in her individual capacity and as a class representative on behalf of all other similarly situated individuals, i.e., current and former employees who held the positions of Senior Claims Specialist, Client Specialist and Associate Specialist in Defendants' New York offices, under the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

3. Plaintiff, DENISE MARIETTE MILLER, is an individual presently residing in Arlington Heights, Illinois. At all relevant times, Plaintiff held the respective positions of Senior Claims Specialist, Client Specialist and Associate Specialist.

4. Plaintiff brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of the Defendants as described herein.

5. In addition, and in the alternative, Plaintiff bring this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

6. The class is defined as follows:

> All current and former employees of Defendants who were employed as Senior Claims Specialist, Client Specialist and Associate Specialist (hereinafter collectively "SPECIALISTS") in Defendants' New York offices, who worked at least one hour of overtime, and who were subject to Defendants' conduct of having designated them as exempt from overtime and thereby denying them overtime premiums for their overtime work.

7. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

8. Defendant, AON CORPORATION, ("AON") is a global provider of insurance brokerage services, insurance products, risk and insurance advice and consulting services. AON is incorporated in the State of Delaware and headquartered in the State of Illinois.

--2--

9. AON is duly licensed and actively transacts business within the State of New York and maintains multiple offices and facilities in the State of New York.

10. Defendant, AON RISK SERVICES NORTHEAST, INC., ("ARS") is a wholly owned subsidiary of AON and incorporated in the State of Arizona.

11. ARS is duly licensed and actively transacts business within the State of New York and maintains an office at 199 Water Street, New York, New York 10038.

12. Defendants each transact business in all fifty states, including New York. Defendants are employers engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

## JURISDICTION

13. The United States District Court for the Southern District of New York has subject matter jurisdiction over this suit under the provisions of 28 U.S.C.§ 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C.§ 216(b).

14. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) under the doctrine of supplemental jurisdiction.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (c), because the Defendants may be found in this district and the challenged conduct occurred in this state and District.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Plaintiff sues on behalf of herself and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action. Plaintiff and the putative class are similarly situated in that they are all subject to

Defendants' common plan or practice of designating their work as SPECIALISTS as exempt

work, when in fact it is non-exempt work under the law.

17. As to Plaintiff's claims for money damages pursuant to New York Labor Law § 198 and the

supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142, Plaintiff sues on behalf of

herself and all other members of the above-defined class. Class certification for these state law

claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules

are met:

3(a) (1). The class is so numerous that joinder of all members is impractical. Upon information and belief, there are approximately two hundred (200) SPECIALISTS who have worked for Defendants in New York. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that hundreds of putative class members have worked for the Defendants without appropriate overtime pay;

23(a) (2). There are questions of law and fact common to the class, including whether or not the putative class members worked overtime but were not paid overtime in violation of federal and state laws.

23(a) (3). The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class;

23(a) (4). The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

23(b) (3). Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

18. As to Plaintiff's claims for injunctive relief, pursuant to applicable New York wage and hour

laws and regulations, Plaintiff sues on behalf of herself and all other members of the above-

-4-

defined class. Class certification for these New York law claims is appropriate under Rule 23(a) for the reasons set forth in Paragraph 15 above. Class Certification for these claims also is appropriate under Rule 23(b)(1) because all the requirements of the Rule are met, in that Defendant has acted on grounds generally applicable to the class when it classified the positions of SPECIALISTS as exempt positions, so that it is appropriate to issue final injunctive relief to the class as a whole.

## FACTUAL ALLEGATIONS

19. Each Defendant sued herein is an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

20. At all relevant times, Defendants have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) and applicable New York wage and hour laws and regulations. Defendants, either directly or indirectly have hired Plaintiff and other employees; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding her employment.

21. Upon information and belief, Defendants did not post a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiff was employed, in violation of the FLSA.

22. Plaintiff was employed by Defendants as a SPECIALIST with duties and whose responsibilities included processing, documenting, filing and confirming third party documentation in accordance with standardized and integrated corporate protocols and processes in connection with the issuance, premium invoicing, and servicing of clients with policies of insurance.

23. Plaintiff was required to work well over 40 hours per week.  Plaintiff and all other employees similarly situated, were not paid any overtime wages by Defendants, for hours worked during the week in excess of 40 hours.

24. Defendants willfully, intentionally and knowingly treated Plaintiff and all other similarly situated employees as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

25. Defendants willfully, intentionally and knowingly treated Plaintiff and all other similarly situated employees as exempt from the overtime wage requirements of applicable New York State wage and hour laws and regulations.

26. Plaintiff and all other similarly situated employees of Defendants did not qualify as exempt employees, as defined by the applicable Federal and State regulations.

27. Defendants' failure to pay overtime compensation, as alleged herein, in violation of federal and state law, has been willful, arbitrary, unreasonable and/or in bad faith.

**COUNT ONE**          **INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

28. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27" as if fully set forth herein.

29. Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiff to compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

**COUNT TWO**          **COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(B) FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

30. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27" and "29" inclusive, as if fully set forth herein.

31. Based on the foregoing, Defendants' conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles all similarly situated Plaintiffs who join this litigation to compensation for all overtime hours worked, liquidated damages, attorney's fees and court costs.

**COUNT THREE**    **INDIVIDUAL CLAIM FOR VIOLATION OF STATE WAGE AND HOUR LAWS**

32. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29" and "31" inclusive, as if fully set forth herein.

33. Based upon the foregoing, Defendant's conduct in this regard was a violation of applicable New York State wage and hour laws and regulations and entitles Plaintiff to compensation for all overtime hours worked, interest and court costs.

34. Defendants' conduct in failing to pay Plaintiff her earned overtime premium was unreasonable, arbitrary and/or in bad faith, in that Defendants, by their agents, servants and/or employees knew or should have known that Plaintiff was entitled to be paid for her overtime but failed to do so. Accordingly, Plaintiff is entitled to compensation for all overtime hours worked, attorneys fees, and court costs.

**COUNT FOUR**    **CLASS ACTION CLAIM UNDER F.R.C.P. 23(B) (3) FOR VIOLATION OF STATE WAGE AND HOUR LAWS AND CLAIM FOR DAMAGES (ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER)**

35. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29," "31," and "33" through "34" inclusive, as if fully set forth herein.

36. Based on the foregoing, Defendants' conduct in this regard was a violation of the wage and hour laws and regulations of the State of New York and entitles Plaintiff and all other similarly situated employees, current or former, to compensation for all overtime hours worked, attorney's fees and court costs.

**COUNT FIVE**       **CLASS ACTION CLAIM UNDER F.R.C.P. 23(B) (1) FOR VIOLATION OF STATE WAGE AND HOUR LAWS AND CLAIM FOR INJUNCTIVE RELIEF ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

37. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "27," "29," "31," "33" through "34" and "36" inclusive, as if fully set forth herein.

38. Based upon the foregoing, Defendants' policy of not paying overtime premiums to its SPECIALISTS was a violation of the wage and hour laws of the various states in which Plaintiffs worked and was based on a policy of general application and entitles Plaintiffs to an injunction requiring Defendants to pay all SPECIALISTS overtime premiums for their overtime hours, attorney's fees and court costs.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff and the Class she represents pray for declaratory and injunctive relief and damages as follows:

(a) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; and N.Y. Labor Law §198 *et. seq.*, and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(b) A permanent injunction enjoining Defendants from continuing their illegal practices in violation of federal and state wage and hour laws applicable to overtime compensation.

(o) Judgment for unpaid overtime compensation to which Plaintiff and other Class Members are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*; N.Y. Labor Law §198 *et. seq.*, and attendant regulations at N.Y.C.R.R. §142-3.1 *et. seq.*

(c) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and attendant regulations at 29 C.F.R. §516 *et. seq.*, in an amount equal to the unpaid wages and overtime pay to which Plaintiffs and other collective Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(d) An order directing Defendants to pay Plaintiffs their reasonable attorney's fees and all costs connected with this action.

(e) Such other and further relief as this Court may deem just and proper.

Dated:  May 14, 2008

BLAU, BROWN & LEONARD, LLC

By: _____

Steven Bennett Blau (sb4063)
Shelly A. Leonard   (sl4139)
54 West 21st Street, Suite 1009
New York, NY  10010
Tel:  (212) 725-7272
Fax: (212) 486-4848


Matthew Armstrong, Esq.
Schlicter, Bogard & Denton
100 South Fourth Street, Suite 900
St. Louis, Missouri 63102
Tel:  (314) 621-6115
Fax: (314) 621-7151

*Attorneys for Plaintiff and the Class*

SDNY CM/ECF Version 3.2.1                                              Page 1 of 2

ECF

## U.S. District Court
### United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-04510-LAK

Miller v. AON Corporation et al                  Date Filed: 05/15/2008
Assigned to: Judge Lewis A. Kaplan               Jury Demand: Plaintiff
Cause: 29:201 Fair Labor Standards Act           Nature of Suit: 710 Labor: Fair
                                                 Standards
                                                 Jurisdiction: Federal Question

### Plaintiff

**Denise Marlette Miller**              represented by **Steven Bennett Blau**
*Individually, and on behalf of all others*       Blau, Brown & Leonard, LLC
*similarly situated, as class*                    54 West 21st Street
*representative*                                  Suite 1009
                                                 New York, NY 10010
                                                 (212) 725-7272
                                                 Fax: (212) 488-4848
                                                 Email: sbblaw@msn.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

V.

### Defendant

**AON Corporation**

### Defendant

**AON Risk Services Northeast, Inc.**
*formerly known as Aon Risk Services,*
*Inc. of New York*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2008 | 1 | COMPLAINT against AON Corporation, AON Risk Services Northeast, Inc.. (Filing Fee $ 350.00, Receipt Number 650718)Document filed by Denise Marlette Miller.(mbe) (mbe). (Entered: 05/15/2008) |
| 05/15/2008 | | SUMMONS ISSUED as to AON Corporation, AON Risk Services Northeast, Inc.. (mbe) (Entered: 05/15/2008) |
| 05/15/2008 | | Magistrate Judge Kevin N. Fox is so designated. (mbe) (Entered: 05/15/2008) |
| 05/15/2008 | | Case Designated ECF. (mbe) (Entered: 05/15/2008) |

| 05/27/2008 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney for noncompliance with Section (3) of the S.D.N.Y. 3rd Amended Instructions For Filing An Electronic Case or Appeal and Section 1(d) of the S.D.N.Y. Procedures For Electronic Case Filing. E-MAIL the PDF for Document 1 Complaint to: case_openings@nysd.uscourts.gov. (mbe) (Entered: 05/27/2008) |
| --- | --- | --- |
| 06/18/2008 | 2 | SUMMONS RETURNED EXECUTED Summons and Complaint served. AON Corporation served on 6/5/2008, answer due 6/25/2008. Document filed by Denise Mariette Miller. (Blau, Steven) (Entered: 06/18/2008) |
| 06/18/2008 | 3 | SUMMONS RETURNED EXECUTED Summons and Complaint served. AON Risk Services Northeast, Inc. served on 6/5/2008, answer due 6/25/2008. Document filed by Denise Mariette Miller. (Blau, Steven) (Entered: 06/18/2008) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 06/23/2008 10:35:37 | | | |
| PACER Login: | lm0071 | Client Code: | Optional for PACER use only |
| Description: | Docket Report | Search Criteria: | 1:08-cv-04510-LAK |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT 3

Before the Judicial Panel on Multidistrict Litigation
MDL-_____ - In re Aon Wage and Hour Litigation

## Schedule of Actions

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Angela J. Piersanti, on behalf of herself and all other plaintiffs known and unknown<br><br>**Defendant:** Aon Risk Services of Maryland, Inc. | N.D. Illinois | 1:08-cv-01962 | Charles P. Kocoras |
| **Plaintiff:** Denise Mariette Miller, individually and on behalf of all others similarly situated, as class representative.<br><br>**Defendants:** Aon Corporation and Aon Risk Services Northeast, Inc., formerly known as Aon Risk Services, Inc. of New York | S.D. New York | 1:08-cv-4510 | Lewis A. Kaplan |

# EXHIBIT 4

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:  Aon Wage and Hour Litigation   )
                                  )     MDL- _____
                                  )
                                  )

### Declaration of Nazaro Pronati

1.      I have been employed as a Managing Principal of Aon Client Services ("ACS") in Glenview, Illinois since November 2006.  In this capacity, I ultimately managed Client Service Unit ("CSU") operations in both Illinois and New York.  Prior to November 2006, I was a Managing Director for ACS and had operations management and staff management responsibilities, including, from time-to-time, for the CSU.

2.      As Managing Principal, I have access to personnel records and related information regarding the employment history and job activities of Angela Piersanti and Denise Mariette Miller, and historical information regarding the management and structures of the CSU.

3.      Ms. Piersanti was formerly employed in Glenview, Illinois by Aon Risk Services of Maryland, Inc. ("ARS of Maryland") as a Specialist in the Client Services Unit ("the Glenview CSU").

4.      Ms. Miller was formerly employed by Aon Risk Services of New York, Inc. ("ARS of New York") in its Client Services Unit ("the New York CSU"), until early 2006.  The New York CSU was subject to decisions and received ultimate management direction from ACS's senior management located in Illinois prior to 2006.

5.      In early 2006, the New York CSU operations, and its employees, transferred from ARS of New York to ARS of Maryland. Accordingly, from that time until her resignation, Miller was employed by ARS of Maryland.

6.      Miller worked in the CSU's New York location until April, 1 2007.

7.      The New York CSU's operations were consolidated into the Glenview, Illinois CSU in 2007.  The New York CSU ceased operations in or about May 2007.

8.      Due to the closure, Ms. Miller was offered and accepted a transfer to the Glenview Illinois CSU as a Senior Specialist on April 1, 2007.

9.    Both Ms. Piersanti and Ms. Miller have since resigned from their employment with the Glenview Illinois CSU. Ms. Miller resigned in May 2008, and Ms. Piersanti resigned in November, 2007.

10.    In addition to other job classifications, the Client Services Unit employs individuals as Associate Client Specialists ("Associates"), Client Specialists ("Specialists"), and Senior Client Specialists ("Senior Specialists"). Senior Specialists typically have the most experience and are paid a higher salary, followed by Specialists and then Associates, who are generally entry-level employees.

11.    The CSU currently employs approximately 280 individuals among the three different Specialists classifications, and all of them are located in Glenview Illinois.

12.    Decision-making processes by which Associates, Specialists and Senior Specialists employed in both the New York CSU and Glenview CSU were classified as exempt took place in Illinois.

13.    Records regarding the day-to-day work activities of individuals in the various CSU Specialist positions, their identity and pay, and the policies and practices applicable to CSU Specialists who worked in both the New York and Glenview CSU locations, are maintained in Illinois.

14.    It is my understanding that the principal place of business and corporate headquarters for Aon Corporation (the ultimate parent of both Aon Risk Services Northeast, Inc. and ARS of Maryland), is located in Chicago, Illinois, within the Northern District of Illinois. It is also my understanding that ARS of Maryland's principal place of business is in Chicago, Illinois.

15.    ARS of Maryland maintains and operates the CSU operations in Glenview, Illinois, which is located within the Northern District of Illinois.

16.    I declare under penalty of perjury that the foregoing is true and correct and that I would so testify if called upon to do so.

Nazaro Pippati

Date: June 20, 2008

2